**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

'09 MAY 19  P 3: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
M. DISTRICT ALA

| | |
|---|---|
| **DORIS ALLEN,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **NRA GROUP, LLC,** dba National Recovery | ) |
| Agency, a foreign limited liability company, | ) |
| **CAPITAL ASSISTANCE GROUP, LLC,** a | ) |
| foreign limited liability company, and **EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.,** a foreign | ) |
| limited liability corporation, | ) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 2:09cv458 -MEF
**Plaintiff Demands Jury Trial**

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto

this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.      This Complaint seeks actual, compensatory, statutory and / or punitive damages,

including injunctive and declaratory relief, brought by an individual consumer

(hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*

(hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §

1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade

Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"),

and state common law causes of action.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15

U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant

to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Pike

County, Alabama, and were committed within the Northern Division of the Middle

District of Alabama.

## PARTIES

3.      Plaintiff Doris Allen (hereinafter referred to as "Plaintiff") is a natural person and a

resident and citizen of Pike County, the State of Alabama, and of the United States.

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code

1975, § 8-19-3(2).

4.      Defendant NRA Group, LLC, dba National Recovery Agency (hereinafter referred to as

"NRA" or "Defendant"), is a foreign limited liability company engaged as a "debt

collector" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6),

and as a "person" defined under Ala. Code 1975, § 8-19-3(5), engaged in the business of

collecting debts in this State where NRA regularly collects or attempts to collect debts

owed or due or asserted to be owed or due another and whose principal purpose is the

collection of debts using the mails and telephone.

5.      Defendant Capital Assistance Group, LLC (hereinafter referred to as "Capital Assistance"

or "Defendant") is a foreign limited liability company engaged as a "debt collector" as

defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975, § 8-19-3(5), engaged in the business of collecting debts in this State where Capital Assistance regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

6.      Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## **FACTUAL ALLEGATIONS**

### **Defendants NRA and Capital Assistance:**

7.      Plaintiff incorporates by reference herein paragraphs one (1) through six (6).

8.      Plaintiff filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on September 24, 2008.[1]

9.      Notwithstanding, Defendants continue to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable, rather than reflecting that such were discharged in bankruptcy.  More specifically, Defendants have reported, and continue to do so, to

---

1 United States Bankruptcy Court for the Middle District of Alabama, Case No.: 08-30988.

Experian that Plaintiff has an outstanding balance with, and remains personally liable to, Defendants for the amount of $121 on a pre-petition debt. Such reporting indicates that this discharged debt is in "Collections" and is "seriously past due date/account assigned to attorney, collection agency, or credit grantor's internal collection department."

10.     Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."[2]

11.     Notwithstanding that Defendants properly update numerous accounts each month, they have intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

---

2 Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem, it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

12.    As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy

Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a

creditor's failure and/or refusal to update a discharged debtor's credit reports] may

suggest that some creditors are systematically taking such action in an effort to diminish

the value of a discharge in bankruptcy."[3]

13.    Defendants have promised, through their subscriber agreements or contracts with the

CRAs, to update accounts that have been discharged in bankruptcy, but have willfully,

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement, as

well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and

state law which has resulted in this information remaining on Plaintiff's credit reports.

14.    Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit

reports.  This industry-specific term refers to keeping a false balance on the credit report

so that the consumer will be forced to pay off the balance in order to obtain refinancing,

qualify for a loan, or increase the consumer's credit score from the artificially lowered

score which directly resulted from the Defendant's intentional and malicious conduct.

15.    Defendants have agreed to and understand they must follow the requirements of the

---

3 In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby),*
337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia
Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past
due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12,
2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and
"charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged
debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65
(Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent
Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and
"past due 180 days" on credit report)).

FCRA including, but not limited to, the following:

a)     15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[4]

b)     15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

     (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

     (ii)     the information is, in fact, inaccurate."

c)     15 U.S.C. § 1681(a)(2) which states, "[a] person who -

     (A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

     (B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of

---

4 As indicated herein, Defendants affirmed the validity of these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

the information that remains not complete or accurate." (emphasis

supplied).

16.    Defendants know that "parking" balances, to intentionally and maliciously coerce

consumers into paying discharged debts, will lead to the publication of false and

defamatory information every time Plaintiff's credit reports are accessed.  Because

Plaintiff's credit reports have been accessed since the discharge, such false information

has been published to third parties.

17.    All actions taken by employees, agents, servants, or representatives of any type for

Defendants were taken in the line and scope of such individuals' (or entities')

employment, agency, or representation.

18.    Defendants' actions – engaging in a pattern and practice of wrongful and unlawful

behavior, *i.e.*, attempting to collect upon discharged debts – were malicious, wanton,

reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the

knowledge that their actions would very likely harm Plaintiff, and that their actions were

taken in violation of the law.

19.    The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA,

ADTPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts,

as described herein, constitute harassment which has resulted in the negligent and

intentional infliction of mental and emotional distress upon Plaintiff, proximately causing

Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and

humiliation of which Plaintiff will in the future continue to suffer.

**Defendant Experian:**

20.     Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it has published, and continues to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

21.     Indisputably, based upon the sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

22.     Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.***

23.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-two (22).

24.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

     a)     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

     b)     By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

     c)     By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.*, reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

     c)     Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

     d)     Invading the privacy of Plaintiff; and

     e)     Failing in their duty to prevent foreseeable injury to Plaintiff.

25.     The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or debt collection business, and in gross reckless disregard of the rights of Plaintiff.

26.     As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and

attorney's fees under the FCRA.

## COUNT TWO
### DEFENDANTS NRA AND CAPITAL ASSISTANCE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

27.     Plaintiff incorporates herein by reference paragraphs one (1) through twenty-six (26).

28.     Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the

obligation required Plaintiff to pay money arising out of transactions for personal, family,

and household purposes.  More specifically, Defendants violated the FDCPA by taking

one or more of the following actions against Plaintiff:

     a)    Attempting to collect a debt by reporting and/or allegedly verifying a balance

within the "Collectionw" section of at least one of Plaintiff's credit reports when

there is no legal right to collect the discharged debt;

     b)    Taking illegal actions against Plaintiff;

     c)    Refusing to properly update Plaintiff's accounts;

     d)    Failing to show the accounts as being "disputed" by Plaintiff; and

     e)    Reporting the invalid debt on Plaintiff's credit reports.

29.     The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly as part of their routine debt collection business and/or in gross reckless

disregard for Plaintiff's rights.

30.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a

declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil

liability [Section 813 of Pub. Law].

**COUNT THREE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

31.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty (30).

32.      The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

33.     Such conduct is generally and specifically within the meaning of the Alabama Deceptive

Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is

prohibited, unfair, and deceptive.

34.     The foregoing acts and omissions of Defendants were undertaken by them willfully,

intentionally, and knowingly as part of their routine debt collection business, and Plaintiff

relied upon such representations as being lawful, yet such conduct is prohibited.

35.     The conduct described herein has tremendous potential to be repeated where other

consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

36.     Defendants' unfair and deceptive acts have proximately caused emotional and actual

damages, and Defendants are liable to Plaintiff for such injury.

**COUNT FOUR**
**DEFENDANTS NRA AND CAPITAL ASSISTANCE**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

37.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-six (36).

38.     Defendants' acts, as described herein, were done so negligently and without care or
        concern for the well-being of Plaintiff.

39.     As a proximate consequence of Defendants' negligence, Plaintiff has been caused to
        suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for
        actual, compensatory, and punitive damages, costs and attorney's fees, and any other and
        further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS NRA AND CAPITAL ASSISTANCE
## HARASSMENT

40.     Plaintiff incorporates by reference herein paragraphs one (1) through thirty-nine (39).

41.      Defendants' acts, as described herein, were done so intentionally, maliciously, and
        willfully, and without care or concern for Plaintiff's well being.  Defendant's harassing
        collection tactics, and/or refusal to assure the accuracy of the information published
        regarding Plaintiff, created a hostile environment for Plaintiff.

42.     As a proximate consequence of Defendants' harassment, Plaintiff has been caused to
        suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for
        actual, compensatory, and punitive damages, costs and attorney's fees, and any other and
        further relief deemed appropriate by this Court.

## COUNT SIX
## ALL DEFENDANTS
## INVASION OF PRIVACY

43.     Plaintiff incorporates by reference herein paragraphs one (1) through forty-two (42).

44.     Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in

that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and

places Plaintiff in a false light in the eyes of those to whom the publications are made.

45.     Defendants' actions were done maliciously, without privilege, and with a willful intent to

injury Plaintiff.

46.     As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## ALL DEFENDANTS
## DEFAMATION

47.     Plaintiff incorporates by reference herein paragraphs one (1) through forty-six (46).

48.     Defendants published false information about Plaintiff by reporting to one or more of the

CRAs, or other third parties, either a false account or balance.

49.     Likewise, Defendants published false information about Plaintiff each time Plaintiff's

credit reports were accessed – which was the result intended by Defendants.

50.     The publications and defamations were done maliciously, without privilege, and with a

willful intent to injure Plaintiff.

51.     As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

any other and further relief deemed appropriate by this Court.

## COUNT EIGHT
## DEFENDANTS NRA AND CAPITAL ASSISTANCE
## INTENTIONAL MISREPRESENTATION

52.   Plaintiff incorporates by reference herein paragraphs one (1) through fifty-one (51).

53.   Defendants intentionally, maliciously, recklessly and/or negligently misrepresented
material facts in that they falsely represented to others that Plaintiff owes money to that
Defendant.

54.   Defendants intend that those who review the credit reports of Plaintiff will rely upon the
misrepresentations and suppressions of material fact related to the balance owed and the
lack of indication that the account was discharged in bankruptcy.

55.   Defendant intended that the justifiable and reasonable reliance by others would adversely
affect Plaintiff.

56.   As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has
been caused to suffer severe emotional and mental distress, and Defendants are liable to
Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and
any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DEFENDANTS NRA AND CAPITAL ASSISTANCE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.   Plaintiff incorporates by reference herein paragraphs one (1) through fifty-six (56).

58.   Defendants' conduct, as described herein, was reckless and / or intentional, and
performed with disregard for the rights of Plaintiff.

59.   As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff
has been caused to suffer severe emotional and mental distress, and Defendants are liable

to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

any other and further relief deemed appropriate by this Court.

## COUNT TEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

60.     Plaintiff incorporates herein by reference paragraphs one (1) through fifty-nine (59).

61.     A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA,

        federal law or state law.

62.     Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that

        Defendants violated the FDCPA, FCRA, ADTPA, federal law, and state law, and

        Plaintiff is similarly entitled to an order enjoining said acts.

63.     As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,

        compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs

        for time lost at work and litigating this matter.

64.     Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent

        and intentional infliction of mental and emotional distress upon Plaintiff, proximately

        causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment,

        humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully

prays that judgment be entered against each and every Defendant, jointly and severally, by this

Court for the following:

a)    Enter injunctive and corresponding declaratory relief establishing the foregoing

conduct of Defendants to be unlawful, enjoining Defendants from continuing to

engage in such conduct, and granting such additional equitable relief as may be

appropriate;

b)    Award Plaintiff actual damages;

c)    Award Plaintiff punitive damages;

d)    Award Plaintiff statutory damages where applicable;

e)    Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment;

f)    Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)    Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 14th day of May, 2009.

/s/

Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:          (334) 263-7733
Facsimile:     (334) 832-4390
Bar Id. #:  ASB-7306-A54B

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

NRA GROUP, LLC, dba National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111

CAPITAL ASSISTANCE GROUP, LLC
100 Chancellorsville Drive

Page 16 of 17

Stephens City, VA 22655-4513

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109